**O**

1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10
11   SWEET PEOPLE APPAREL, INC. d/b/a          Case No. CV 12-02759-ODW(CWx)
     Miss Me, a California corporation and
12   DEODAR BRANDS, LLC d/b/a MEK              **ORDER GRANTING IN PART AND**
     Denim, a California limited liability     **DENYING IN PART MOTION FOR**
13   company,                                  **DEFAULT JUDGMENT [27]**

14                        Plaintiffs,
                  v.
15
     ZIPPER CLOTHING, a business entity of
16   unknown status; ZIPPER AND DENIM, a
     business entity of unknown status; INY
17   TRADING, INC., a California corporation,

18                        Defendants.

19

20                          **I.   INTRODUCTION**

21          Before the Court is the May 7, 2012 Motion for Default Judgment by Plaintiffs

22   Sweet People Apparel, Inc. d/b/a Miss Me ("Sweet People") and Deodar Brands, LLC

23   d/b/a/ MEK Denim ("MEK Denim") (collectively "Plaintiffs") against Defendants

24   Zipper Clothing, Zipper and Denim, and INY Trading, Inc. (collectively

25   "Defendants").   (ECF No. 27.)   Having carefully considered the papers filed in

26   support of the instant Motion, the Court deems this matter appropriate for decision

27   without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following

28   reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion.

## II.   FACTUAL BACKGROUND

On March 29, 2012, Plaintiffs filed a Complaint in this Court alleging five claims against Defendants for (1) copyright infringement in violation of 17 U.S.C. § 501; (2) trademark counterfeiting and trademark infringement in violation of 15 U.S.C. § 1114; (3) trademark infringement in violation of 15 U.S.C. § 1125(a); (4) common law trademark infringement and unfair competition; and (5) unfair competition in violation of California Business and Professions Code sections 17200 *et seq.*  (Compl. 1.)  After Defendants failed to appear or otherwise respond to the Complaint, Plaintiffs requested entry of default against Defendants, which the clerk entered pursuant to Federal Rule of Civil Procedure Rule 55(a) on April 25, 2012. (ECF Nos. 20, 21.)  Pending now before the Court is Plaintiffs' Motion For Default Judgment.  (ECF No. 27.)

This action arises out of Defendants' alleged wrongful appropriation of Plaintiffs' copyrighted and trademarked designs.  Plaintiffs Sweet People and MEK Denim are manufacturers, promoters, sellers, and distributors of high-quality jeanswear and denim products throughout the United States.  (Compl. ¶¶ 12, 44.) Sweet People's and MEK Denim's jeans have received extensive media coverage and are sold by fashion retailers and department stores.  (Compl. ¶¶ 12, 49.)  Plaintiffs' unique and distinctive designs distinguish their jeans from their competitors'. (Compl. ¶¶ 14–15, 51.)

Sweet People has copyrighted several of its designs, including: Sweet People's Wing Design, Fleur de Lis Design, JP5117 Cross Wing Design, JP5335 Ivy Cross Design, and Wide M Design. (Compl. Ex. A–E.)  Sweet People also holds registered trademarks for its Fabric Cut Out Design (Compl. Ex. F) and its Wide M Design (Compl. Ex. G), as well as an unregistered trademark for its Wing Design (Compl. ¶ 36).  MEK Denim holds a registered trademark for its M Design.  (Compl. Ex. H.)

Defendants are manufacturers, promoters, sellers, and distributors of jeanswear products that bear substantially similar designs to Plaintiffs' copyrighted and

trademarked designs.  (Compl. ¶ 52.)  According to Plaintiffs, Defendants have deliberately and knowingly replicated Plaintiffs' designs.  (Compl. ¶ 54.)  Defendants' products are therefore likely to cause consumer confusion, leading consumers to believe that the infringing jeans are associated with Plaintiffs' jeans.  (Compl. ¶ 54.)

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the Clerk's entry of default under Rule 55(a).   Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).

The district court is given discretion to decide whether to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true.  *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  However, in exercising its discretion regarding entry of default, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

/ / /

# IV.    DISCUSSION

Plaintiffs' Motion for Default Judgment seeks judgment comprising a permanent injunction, $1,050,000 in statutory damages, $25,278.92 in attorney's fees and costs, interest on the judgment, and seizure and impoundment of the infringing jeans.  The Court considers each in turn.

## A.    Liability

Plaintiffs have satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55-1.  Specifically, Plaintiffs have established that (1) the clerk entered default against Defendants on April 25, 2012;  (2) the default is based on Defendants' failure to respond to Plaintiffs' Complaint served on March 30, 2012; (3) Defendants are neither infants nor incompetent persons; (4) Defendants are neither members of the U.S. Military nor otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940; and (5) Plaintiffs served Defendants with notice of their application for default judgment by delivering a copy of the Motion and all supporting documents to Defendants' business addresses.

The Court also finds that consideration of the *Eitel* factors weigh in favor of granting the motion.  *See Eitel*, 782 F.2d at 1471–72  Specifically, Plaintiffs would suffer prejudice if default judgment is not entered because Plaintiffs "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."  *Electra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).  Further, because the "well-pled allegations in the complaint regarding liability are deemed true" upon entry of default, *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), Plaintiffs have established the merits of their claims and the sufficiency of the Complaint.  The sum of money is not disproportionately large because the damages awarded are governed by statute.  *See* 15 U.S.C § 1117(c)(2) (establishing under the Lanham Act a statutory limit of "not more than $2,000,000 for counterfeit mark per type of goods" if use of the counterfeit

1    mark is willful); 17 U.S.C. § 504(c) (establishing under the Copyright Act  a statutory

2    limit of not more than $150,000 per Copyright infringed if the infringement is

3    committed willfully).  Finally, the Court finds that Defendants' failure to answer or

4    file a responsive pleading was not the result of excusable neglect because Defendants

5    failed to respond despite repeated notice of this action and their infringing conduct.

6    (ECF Nos. 9, 12, 14–17, 23–25, 32–34.)

7        Accordingly, Plaintiffs' Motion for Default Judgment is **GRANTED** as to

8    liability for (1) copyright infringement in violation of 17 U.S.C. § 501; (2) trademark

9    counterfeiting and trademark infringement in violation of 15 U.S.C. § 1114; (3)

10   trademark infringement in violation of 15 U.S.C. § 1125(a); (4) common law

11   trademark infringement and unfair competition; and (5) unfair competition in violation

12   of California Business and Professions Code sections 17200 *et seq*.

13   **B.    Injunctive Relief**

14       Plaintiffs seek permanent injunctive relief to prevent Defendants' further

15   infringement of its copyrights and trademarks.  Both the Copyright Act and the

16   Lanham Act authorize courts to grant permanent injunctions on reasonable terms to

17   prevent future violations.  17 U.S.C. § 502(a); 15 U.S.C. § 1116.  The Court concludes

18   that Plaintiffs have demonstrated facts supporting the grant of a permanent injunction

19   under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("A plaintiff must

20   demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available

21   at law, such as monetary damages, are inadequate to compensate for that injury; (3)

22   that, considering the balance of hardships between the plaintiff and defendant, a

23   remedy in equity is warranted; and (4) that the public interest would not be disserved

24   by a permanent injunction.").

25       Plaintiffs adequately argue that absent injunctive relief, their businesses,

26   goodwill, and reputation will be irreparably damaged.  (Mot. 21.)  This concern is

27   particularly salient in light of the difficulty of fully remedying these intangible injuries

28   with only a financial award.  Considering the balance of hardships between Plaintiffs

1   and Defendants, a remedy in equity is warranted—while Plaintiffs would suffer an
2   irreparable injury without an injunction, the Court perceives no potential harm to
3   Defendants, as an injunction would still allow Defendants to operate their businesses,
4   albeit without the infringing jeans.  *See Cadence Design Sys., Inc. v. Avant! Corp.*,
5   125 F.3d 824, 830 (9th Cir. 1997) ("[A] defendant who knowingly infringes another's
6   copyright cannot complain of the harm that will befall it when properly forced to
7   desist from its infringing activities." (internal quotation marks omitted)).

8       Injunctive relief serves the public interest by preventing confusion as to the
9   validity of a product and in preventing the "misappropriation of the skills, creative
10  energies, and resources which are invested in the protected work."  *Apple Computer,*
11  *Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983).

12      Finally, the Court has reviewed the language Plaintiffs propose to be included
13  in the injunction and is satisfied that it is narrowly tailored such that it prohibits only
14  the continued sale of the infringing jeans.  *See Price v. City of Stockton*, 390 F.3d
15  1105, 1117 (9th Cir. 2004).  The Court therefore **GRANTS** Plaintiffs' request for a
16  permanent injunction consistent with the language set forth on page 31 of Plaintiffs'
17  Complaint.

18  **C.    Statutory Damages**

19      Plaintiffs seek an award of statutory damages under 15 U.S.C § 1117(c) for
20  Defendants' violations of the Lanham Act and under 17 U.S.C § 504(c)(2) for
21  Defendants' violations of the Copyright Act.

22      A plaintiff may elect statutory damages "regardless of the adequacy of the
23  evidence offered as to his actual damages and the amount of the defendant's profits."
24  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d
25  1186, 1194 (9th Cir. 2001) (quoting Melville B. Nimmer & David Nimmer, *Nimmer*
26  *on Copyright*, § 14.04[A] (2000)).  Courts have wide discretion in determining the
27  amount of statutory damages to award, and are constrained only by the specific
28  minimum and maximum.  *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332,

1336 (9th Cir. 1990).  In measuring damages, the Court is guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like."  *Id.* (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952)).

     1.    *Statutory Damages Under 15 U.S.C § 1117(c)*

Plaintiffs contend that Defendants violated the Lanham Act by willfully counterfeiting Sweet People's Fabric Cut Out Design and MEK Denim's M Design trademarks.  Section 1117(c) permits an award in an amount up to $200,000.00 per counterfeit mark or up to $2,000,000.00 per counterfeit mark if the use of the mark was willful. The Court finds that Plaintiffs' requested award of $300,000.00, or $150,000.00 per counterfeit mark, is a conservative award and appropriate under the circumstances in this case.

Plaintiffs' Motion and accompanying declarations clearly establish that Defendant's infringement was willful.  Further, the award is not a windfall, but rather bears a "plausible relationship" to the plaintiffs' actual damages.  *See Beachbody, LLC v. Johannes*, No. 11-1148PSG (RZx), 2011 WL 3565226, at *3 (C.D. Cal. Aug. 12, 2011).  Although the total extent of damages cannot be ascertained, as Defendants have failed to participate in this litigation, the effect of Defendants' infringing conduct has been to siphon off sales from Plaintiffs' popular lines of jeanswear products. (Compl. ¶ 5.)  Given that Plaintiffs' jeans retail for approximately $100 and that Plaintiffs' sales of jeans have totaled tens of millions of dollars, (Compl. ¶¶ 40, 41), the Court finds that the statutory damages requested by Plaintiffs bear a "plausible relationship" to Defendants' infringing activities and the profits Defendants may have realized from those activities.  *See Coach, Inc. v. Diana Fashion*, No. 11-2315 SC, 2011 WL 6182332, at *5 (N.D. Cal. Dec. 13, 2011) (slip copy).

/ / /

/ / /

/ / /

"Where, as here, a defendant is shown to have acted willfully, a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others."  *Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009); *see Beachbody, LLC*, 2011 WL 3565226, at *3 (requiring that statutory damage inquiries examine both compensatory and punitive considerations).  An award of statutory damages not only "compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct."  *F.W. Woolworth Co.* 344 U.S. at 233.

Therefore, the Court awards Plaintiffs **$300,000.00** in statutory damages under 15 U.S.C. § 1117(c).

### 2. Statutory Damages Under 17 U.S.C. § 504(c)(2)

Plaintiffs contend that Defendants violated the Copyright Act by willfully infringing on Plaintiffs' copyrights.  Under the Copyright Act, a copyright owner who sustains the burden of proving that the infringement was committed *willfully* may seek damages up to $150,000.00 per copyright violated.  17 U.S.C. § 504(c)(2).  Plaintiffs claim that Defendants violated Sweet People's copyrights for the Wing Design, Fleur de Lis Design, JP5117 Cross Wing Design, JP5335 Ivy Cross Design, and Wide M Design. Plaintiffs seek the statutory maximum ($150,000.00) for each of the five copyrights infringed.[1]

The Court finds that Defendant's actions were willful.  Courts frequently infer willfulness where a defendant defaults.  *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("All factual allegations in the complaint are deemed true, including the allegation of [defendants'] willful infringement . . . ."); *Autodesk, Inc. v. Flores*, No. 10-CV-01917-LHK, 2011 WL 337836, at *8 (N.D. Cal. Jan 31, 2011) (slip copy) ("Willfulness may also be inferred or admitted based on a defendant's failure to defend.").  In addition, Plaintiffs here have pleaded that Defendants were aware of Plaintiffs' copyrights and "deliberately, knowingly and

[1] Total damages under 17 U.S.C. § 504(c)(2) come out to $750,000.00 ($150,000.00 x 5).

8

faithfully replicated" the copyrights.  (Compl. ¶ 54); *see Peer Int'l Corp.*, 909 F.2d at 1335-36 (requiring for willfulness to be established that the defendant actually be aware of or willfully blind to the infringing activity).  Accordingly, Plaintiffs have adequately established that Defendants' violations of Plaintiffs' copyrights were willful.

The Court finds that statutory damages of $150,000.00 is appropriate for each of the five copyrights infringed because the conduct at issue is particularly egregious. *See Warner Bros. Entm't, Inc. v. Caridi*, 346 F.Supp. 1068, 1074 (C.D. Cal. 2004). Nearly all the products offered for sale on Defendants' website consisted of infringements of Plaintiffs' protected designs.  Additionally, that Defendants infringed multiple copyrights owned by Plaintiffs supports a finding that the violations were egregious.

The Supreme Court has stated that "[e]ven for uninjurious and unprofitable and unprofitable invasions of copyright the court may, if it deems it just impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement.  *F.W. Woolworth Co.*, 344 U.S. at 233.  Here, an award for the maximum statutory damage will serve the statutory policy of discouraging infringement by punishing the Defendants and deterring other copyright infringers from engaging in this illegal conduct.

The Court awards Plaintiffs **$750,000.00** in statutory damages under 17 U.S.C. § 504(c)(2).

**D.    Attorney's Fees and Costs**

Plaintiffs seek an award of reasonable attorney's fees and costs.  The Lanham Act and the Copyright Act grant courts discretion to allow recovery of Plaintiffs' full costs and to award reasonable attorney's fees as part of Plaintiffs' costs.  Local Rule 55-3 further provides that where a statute allows for the recovery of  reasonable attorney's fees, those fees shall be calculated according to the schedule provided under the Rule.  C.D. Cal. L.R. 55-3.  This schedule establishes that a reasonable

attorney's fee where the judgment is over $100,000.00 is equal to $5,600.00 plus 2% of the amount over $100,000.00. *Id.* As both the Lanham Act, 15 U.S.C. § 1117(a), and the Copyright Act, 17 U.S.C. § 505, allow for recovery of attorney's fees for willful trademark counterfeiting and willful copyright infringement, respectively, the Court finds the application of Local Rule 55-3 to be proper. Calculated pursuant to Local Rule 55-3, Plaintiffs' reasonable attorney's fees in this case are $24,600.00.[2]

Additionally, Plaintiffs may collect costs actually incurred in prosecuting this action. 15 U.S.C. § 1117(a); 17 U.S.C. § 505. Plaintiffs have clearly articulated the costs of bringing this action, and the Court awards $678.92.[3]

The Court therefore **GRANTS** Plaintiffs' request for attorney's fees in the amount of **$24,600.00** and costs in the amount of **$678.92**.

**E.    Interest**

Plaintiffs seek post-judgment interest on the aggregate sum of statutory damages, attorney's fees, and costs awarded. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. 1961(a). Accordingly, the Court shall award post-judgment interest, which will be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*

The Court **GRANTS** an award of post-judgment interest.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The Court arrives at $24,600.00 by adding $19,000.00 (2% of $950,000.00) to $5,600.00.

[3] The Court arrives at $678.92 by adding the fee for filing the complaint ($350.00) and the expenses associated with serving Defendants with the Complaint and default papers ($328.92).

**F.      Seize and Impound**

Plaintiffs request the seizure of the counterfeit goods and the impoundment of the infringing copyrighted products.  The Lanham Act permits a Court, "upon ex parte application," to grant an order providing for the seizure of goods and counterfeit marks involved in the violation of the Lanham Act.  15 U.S.C. § 1116(d)(1)(A).  But § 1116 provides several safeguards to protect against wrongful seizure.  Specifically, the Court may not entertain an application for seizure unless Plaintiffs demonstrate that they have provided the United States Attorney with reasonable notice of their application for an ex parte seizure order.  15 U.S.C. § 116(d)(2).

In addition, the Court shall not grant an application unless "the person obtaining an order under this subsection provides that security determined adequate by the court for the payment of such damages as any person entitled to recover as a result of a wrongful seizure or wrongful attempted seizure."  15 U.S.C. § 1116(d)(4)(A).  Courts must also make findings of facts that indicate that an order of seizure is an appropriate remedy, including, *inter alia*, that the applicant has not publicized the requested seizure, and that if such seizure were publicized, the person against whom seizure would be ordered would destroy, move, or hide the materials to be seized.  15 U.S.C. § 1116(d)(4)(B).

With respect to their request for seizure and impoundment of the infringing products, Plaintiffs contend only that "in the Complaint, Plaintiffs requested that Defendants be required to deliver up for impoundment, seizure and destruction all infringing jeans."  (Mot. 25.)  This is insufficient to meet the stringent demands of § 1116(d).  *See Quidgeon v. Olsen*, No. 10-CV-116, 2011 WL 98938, at *4 n.3 (C.D. Ill. Jan. 11, 2011).  Accordingly, the Court **DENIES** Plaintiffs' request for seizure and impoundment of the infringing products.  Plaintiffs may file a renewed application addressing all necessary elements of § 1116(d) within 10 days; any later-filed requests will be denied.

/ / /

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Default Judgment, issuance of a permanent injunction, statutory damages, attorney's fees, costs, and post-judgment interest.  A judgment will issue.  Plaintiffs' request for a writ of impound and seizure is **DENIED**.

**IT IS SO ORDERED.**


May 31, 2012

_____

**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**